UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICARDO PIERRE-LOUIS, | ) |
|     Petitioner, | ) ) ) |
| v. | ) Civil No. 7-144-P-S ) Crim. No. 4-23-P-S |
| UNITED STATES OF AMERICA, | ) ) |
|     Respondent. | ) |

O R D E R

Ricardo Pierre-Louis had filed a pleading entitled "Independent Action to Stop Prosecution on No 0400023." This number is a reference to his criminal case. Pierre-Louis has already filed a 28 U.S.C. § 2255 motion which this Court concluded had no merit and the First Circuit Court of Appeals entered a mandate affirming that determination on September 15, 2008. The pending motion was docketed on September 19, 2008, in Pierre-Louis's civil, habeas case. It appears that he is making a hybrid contractual/constitutional argument apropos his conviction for an offense involving crack cocaine. Pierre-Louis argues that he was not a party to the statute which made his conduct criminal. He also asserts that the prosecuting attorney did not provide him with effective assistance. Citing Federal Rule of Criminal Procedure 57, Pierre-Louis asserts that it is the United States' duty to "cease[], stop and terminate" the "Operation of Contract No. 0400023."

This pleading does not have any discernible relationship to either Federal Rule of Criminal Procedure 57 or the District of Maine Local Rules. Perhaps Pierre-Louis contemplates that he is invoking Federal Rule of Criminal Procedure 57(a)(2), which says that a local rule requirement relating to the form of pleadings must not be enforced in a manner that causes a

party to lose rights because of an unintentional failure to comply with the requirement. Or maybe Pierre-Louis believes he has invoked Federal Rule of Criminal Procedure 57(b) which prohibits the imposition of any sanction or disadvantage for noncompliance with a local rule requirement without first receiving actual notice of the requirement. In any event Federal Rule of Criminal Procedure 57 does not create substantive constitutional or contractual rights for someone in Pierre-Louis's situation.

Having reviewed the pleading, and being thoroughly familiar with the docket and the procedural history of this case, I now order the pleading stricken for the following reasons: (1) it is impossible to state any claim for an "independent action to stop prosecution" in a closed criminal case; (2) Pierre-Louis has fully exhausted his opportunity to pursue a motion to vacate his criminal conviction in this court and the Court of Appeals; and (3) when viewed in its totality the pleading is frivolous. Both Pierre-Louis's criminal case and his related civil habeas proceeding have been fully litigated. The pleading is stricken.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

September 26, 2008              /s/ Margaret J. Kravchuk
                                U.S. Magistrate Judge